**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

ROBERT L. COLLIER,                    )
                                      )
                Plaintiff,            )
                                      )
        vs.                           )          1:05-cv-1699-JDT-TAB
                                      )
UNITED STATES OF AMERICA,             )
                                      )
                Defendant.            )

**E N T R Y**

In order to have a motion for reconsideration granted, the moving party must meet a high standard. Courts will rarely grant such motions because of their limited function. *Quaker Alloy Casting, Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill. 1988). These motions are designed to correct manifest errors of law or fact or to present newly discovered evidence. *Publishers Resource, Inc. v. Walker-Davis Publications, Inc.*, 762 F.2d 557, 561 (7th Cir. 1985). For example, a motion for reconsideration is appropriate when: (1) a court has patently misunderstood a party; (2) a court has made a decision outside the adversarial issues presented; (3) a court has made an error not of reasoning but of apprehension; or (4) a change in the law or facts has occurred since the submission of the issue.

The plaintiff's motion to reconsider the ruling in paragraph 2 of the Entry issued on January 17, 2006, offers no argument or reason which has not been fully considered previously or which warrants any ruling other than that which has been made. The motion to reconsider may present certain questions, but it does not offer any answers to those questions. The motion to reconsider filed on January 30, 2006, is therefore **denied.**

**IT IS SO ORDERED.**

Date:  01/31/2006

John Daniel Tinder, Judge
United States District Court

Copies to:

Jeffrey L. Hunter
UNITED STATES ATTORNEY'S OFFICE
jeff.hunter@usdoj.gov

Robert L. Collier
2511 Caroline Ave
Indianapolis, IN 46218